**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MITCHELL INTERNATIONAL, INC., et. al.

      Plaintiffs

          v.

MIGUEL GONZALEZ, et. al.

      Defendants

**CIVIL NO.** 04-2299 (PG)

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiffs Mitchell International, Inc. and ABC Infotech, Inc. filed a Complaint for injunctive relief and damages stating a claim for copyright infringement under the Copyright Act of 1976, as amended , 17 U.S.C. § 101, et seq;  a claim for unfair competition pursuant to the Lanham Trademark Act, 15 U.S.C. § 1125(a); a claim for unfair competition under Puerto Rico Law, 10 L.P.R.A. § 259; and claims for unjust enrichment and tort under Puerto Rico Law.

### II. BACKGROUND

Judge Pérez Giménez referred the present case to the undersigned Magistrate- Judge on May 24, 2006 for a hearing on damages in view of his conflicting criminal case schedule.   By order of May 24, 2006 he also granted a motion by Mitchell requesting the Court to take judicial notice of the previous Opinion and Order and Judgment in ***Mitchell International, Inc., et. als. vs. Nino Rosa Rivera, et. als.,* Civil No. 02-1955 (PG)**, specifically, paragraphs 1, 2, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 59, 64 and 65 of the Complaint filed in **Civil No. 02-1955 (PG)** (Plaintiff's Exhibit 16 in the present case). See Docket No. 45.  The undersigned Magistrate-Judge conducted a default damages hearing on June 6 and 7, 2006, at which time he heard testimonies from Zoilo García of ABC Infotech, Process Server José Hernández Gajate; Juan Andino, Javier Morales, Carlos Martinez, Carlos Santana Alicea, Roberto Morales Rivera of

**CIVIL NO. 04-2299 (PG)**                              2

Consultant and Resources, Inc. and Consultant Carlos Martínez of GHTEK Consulting Company. Defendants Miguel González d/b/a Miolvette Auto Collision, Martin Navarro d/b/a R&R Auto Repair and Edgardo Hernández d/b/a PR Exclusive Body Paint reached confidential settlements with plaintiffs on June 7, 2005. The settlements were by all means reasonable and within this Court's suggestions. See Docket No. 49. The default damages hearing was fully heard as to defendants Doris García, José Quiñones and Pablo Lugo, who failed to appear. The case had been settled earlier as to codefendant Ottoniel Landrau.

After due consideration of the testimonies and documentary evidence received in trial, this Magistrate-Judge makes the following recommendations as to the claims against codefendants Doris García d/b/a Garage García d/b/a Garage López, José Quiñones d/b/a Taller Quiñones and Pablo Lugo d/b/a Parcela Auto Body Repair:

**IV. ANALYSIS**

**Findings of Fact**

As to Plaintiffs' businesses, business relation, the UltraMate™ program and the investigation that lead to the detection of copyright and trademark infringers, the information was established in Civil No. 02-1955 (PG), and the Court has taken judicial notice of the same.

Defendants Doris García d/b/a Garage García d/b/a Garage López, José Quiñones d/b/a Taller Quiñones and Pablo Lugo d/b/a Parcelas Auto Body Repair ignored this Court's jurisdiction and failed to appear, despite plaintiffs' efforts to give them ample notice of the default trial proceedings. Plaintiffs even went so far as to personally serve them with the Court's orders setting trial on default.

*Defendant Doris García d/b/a Garage Garcia d/b/a Garage Lopez*

Doris García is the owner of Garage García, located at Calle 23 #397, Sabana Llana, Río Piedras, Puerto Rico. The auto repair shop was previously owned by her and her exhusband, George

**CIVIL NO. 04-2299 (PG)**                      3

López.  In January 1999 they subscribed to the Mitchell UltraMate™ Software.  They signed a thirty-six (36) month agreement on January 11, 1999.  Mr. López was the person who signed the agreement.  Doris García and George López were supposed to attend the training on the Mitchell Program but Mr. López was the only one who took the training.  They paid the training fee with check 754 on January 11, 1999.  They received monthly updates through regular mailings from Mitchell.  Their services were discontinued as of September of 2000 for lack of payment.  ABC Infotech made efforts, calls and visits, over a five (5) month period to try to get them up to date with the thirty-six (36) month rent agreement.  They only made two (2) payments on the contract.

Plaintiffs made at least fourteen (14) collection calls or visits to collect payment.  She had a billed balance of $1,650.00 and an unbilled balance due on her thirty-six (36) month contract of $11,223.40 with Mitchell.

Plaintiff ABC Infotecht's President and Representative, Zoilo García testified that he called the client and talked to Mrs. Doris García.  She informed him that Mr. López had left for the continental United States and that she would continue to run the business under her name.  However, Doris García did not want to be held accountable for the contract she signed with her husband.  Zoilo García explained to her that they had an agreement with Mitchell and that they could negotiate a payment plan.  Doris García still did not want to be held accountable.

Witness Javier Morales testified that he was assisted by Doris García, when on February 21, 2002 he was given an illegal UltraMate™ estimate using the January 2002 version of Mitchell's program.  The estimate was No.566 and Mr. Morales paid $20.00 for it.

Doris García was hand delivered by Roberto Morales of Consultant and Resources International a Cease and Desist letter on July 18th, 2002.  She then proceeded to call Zoilo García's office.  She was agitated and Mr. García explained that they felt she had incurred in illegal activity and wanted to negotiate a settlement.  Mr. García made several calls to Mrs. García and she was

**CIVIL NO. 04-2299 (PG)**                    4

adamant insisting that he must leave her alone, that she was pregnant and that Mr. García was harassing her.

Zoilo García did not pursue any further settlement negotiations with Mrs. Doris García until the investigation of Luis Rodríguez, as part of <u>Mitchell v. Luis Rodríguez</u>, Civil No. 03-1031 (SEC). Luis Rodríguez' records reflected that Doris García had continued to incur in illegal activities even after the delivery of the Cease and Desist letter by Mr. Morales.

As part of the investigation in the present case, plaintiffs sent investigator Carlos Santana, who obtained a second estimate. This estimate was No. 498 of June 23, 2003, for which Mr. Santana paid $20.00.

The evidence shows that defendant Doris García, in fact, uninstalled the illegal UltraMate™ Software sometime after the Cease and Desist Letter was sent and the first estimate was obtained. She then had the UltraMate™ software reinstalled and had made at least 498 estimates with it. It is estimated that as a result of her illegal use of the UltraMate™ software, after the Cease and Desist letter was personally delivered to her, she has earned at least $9,060.00, at $20.00 for each estimate. Her conduct is, thus, considered willful and intentional.

*Defendant Pablo Lugo d/b/a Parcelas Auto Body*

Defendant Pablo Lugo is the owner of Parcelas Auto Body, located at located at Carr. #3, KM 55.4, Barrio Aguas Claras, Ceiba, Puerto Rico. He subscribed to the UltraMate™ software system on April 3rd, 1998. He agreed to pay $355.00 a month for twelve (12) months and the contract had an auto-renewal clause for one (1) year, unless the licensee requested termination in writing with sixty (60) days in advance. Service was discontinued in May 1999, after renewal. Collection agency efforts followed. At this point, Mr. Lugo owed $2,485.00 for rent of the program. Mr. Lugo did not complete his first term, was behind on payments and Mitchell discontinued services. During the investigation in <u>Mitchell v. Luis Rodríguez</u>, Civil No. 03-1031 (SEC),

**CIVIL NO. 04-2299 (PG)**                    5

plaintiffs became aware that Mr. Lugo had been doing business with Mr. Luis Rodriguez for at least ten (10) months.  Mr. Luis Rodríguez also testified under oath at deposition that he continued giving services to Mr. Lugo until September 2003, roughly fifteen (15) months after his service was terminated.

Investigator Carlos Santana Alicea obtained illegal estimate 451 from Parcelas Auto Body on July 9, 2003.  Mr. Santana paid $30.00 for the estimate.  Mr. Lugo made at least 451 illegal estimates by July 9, 2003 making at least $30.00 for each one, for a total of $13,530.00.

Mr. Lugo had notified Mitchell that he wanted to cancel the services provided to him because the program was not good and it was too expensive.  However, Mr. Lugo was willing to pay Mr. Rodríguez for the illegal use of the UltraMate™ software.  He intentionally deceived Mitchell and ABC Infotech and willfully engaged in illegal conduct.

*Defendant José Quiñones Valentín*

Mr. José Quiñones Valentín is the owner of Taller Quiñones, located at located at Carr. 210 Km 3.6, Bo. Santana, Sabana Grande, Puerto Rico, and established a business relationship with Mitchell on July 15, 1999.  He signed a thirty-six (36) month contract with Mitchell for the use of the UltraMate™ software.  This was done during one of ABC Infotech's promotions, in which a computer was provided as part of the agreement.  Mr. Quiñones was also given installation and training services at a cost of $750.00.  The computer was provided at a cost of $1,595.00, with financing.  By January 2001, however, the service was discontinued due to lack of payment. Collection agency efforts were conducted to effect the payment of the outstanding billed balance of $1,650.50, with a 15% collection agency fee of $247.00.

Investigator Carlos Santana Alicea obtained an illegal estimate 94 for $35.00 on August 1, 2003. Quiñones Valentín made  94 illegal estimates and earned at least $3,290.00 from them.  After

**CIVIL NO. 04-2299 (PG)**                    6

the filing of the present complaint, Mr. Zoilo Garcia and/or his legal representation had conversations with Mr. Quiñones in which he was informed of plaintiffs' wishes for a prompt settlement.  Plaintiffs never heard from him again.  The non appearance of Quiñones in this case despite all notices given by the Court and plaintiff's counsel during the proceedings is considered part of a willful and intentional conduct to violate Mitchell's Copyrights by this defendant.

During the investigation of <u>Mitchell v. Luis Rodríguez</u>, Civil No. 03-1031 (SEC), plaintiffs obtained bank statements of Luis Rodriguez' accounts.  In both Banco Popular and Westernbank accounts, plaintiffs found checks made by Mr. Quiñones in the amount of $150.00 to Mr. Luis Rodríguez.  Mr. Rodríguez, however, has no less than fourteen (14) paid in cash entries pertaining to Mr. Quiñones.

<b><u>Conclusions of Law</u></b>

The Court has subject matter jurisdiction under 28 U.S.C. § 1338, 17 U.S.C. § 502, and 15 U.S.C. § 1121 to entertain all claims under the federal copyrights and trademark acts.  It also has supplemental jurisdiction under 28 USC § 1367 over the state law claims.

**<u>Copyright Law Violation</u>**

Mitchell has established that it owns a copyright for its UltraMate™ program (Certificate of Registration No. TX5-354-409).  It has also complied with all statutory requirements of the Copyright Act in order to maintain the validity of its copyright and protection over its computer software for estimating automotive damages known as UltraMate™.

The Copyright Act provides a number of remedies to copyright owners.  Title 17 U.S.C. § 502 provides, in its pertinent part, as follows:

> ***§ 502. Remedies for infringement; Injunctions***
> ***Any court having jurisdiction of a civil action arising under this title may, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.***

**CIVIL NO. 04-2299 (PG)**                    7

Title 17 U.S.C. § 504 provides for the award of damages and profits to the copyright owner, indicating that, in general, the infringer is liable for: (1) the copyright's owner actual damages and any additional profit of the infringer, as provided by subsection (b); or statutory damages, as provided in subsection (c).  Subsection (b) and (c) of § 504 provides, in the pertinent parts, as follows:

> **"(b)    Actual Damages and Profits. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.  In establishing the infringer's profits, the copyright owner is required to present proof of only the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.**
>
> **(c)    *Statutory Damages. — (1)    Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.  For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.***
>
> *In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in[1] its discretion may reduce the award of statutory damages to a sum of not less than $200."*

The Copyright Act also provides for the recovery of all costs and attorney's fees incurred by the copyright owner, stating in § 505 as follows:

> *"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award reasonable attorney's fees to the prevailing party as part of the costs."*

**CIVIL NO. 04-2299 (PG)**                    8

The programs used by Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones in evaluating damages to the damaged cars presented by Consultant and Resources International were unauthorized copies of the UltraMate™ program which Mitchell licenses and subscribes to auto body shops in Puerto Rico through ABC Infotech.   These programs had been obtained by the defendants through unauthorized sources, more specifically from Mr. Luis Rodríguez.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones were once legally subscribed to software services by Mitchell. They became illegal users when they started to use Mitchell's software after their services had been discontinued for non-payment of their accounts as per the "End User Agreement" terms and conditions.

Mitchell had not licensed or authorized Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, to copy the UltraMate™ program or to make use of this program, and Mitchell has not authorized any person other than ABC Infotech to license the use of its programs in Puerto Rico by paying customers, and install the program in auto body shops.  The acquisition of the UltraMate™ program and use thereof by Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones was illegal.  They did it knowing that they were acquiring the programs from an unauthorized source.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones obtained illegal updates of the UltraMate™ program from Luis Rodriguez, unauthorized by Mitchell.  Their conduct is, thus, deemed willful.

**CIVIL NO. 04-2299 (PG)**                    9

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones have reproduced, used, copied, sold or distributed to customers unauthorized copies of Mitchell's copyrighted works, thereby infringing Mitchell's copyrights in violation of 17 U.S.C. § 106. Defendants' conduct constitutes a direct, continuing and contributory infringement of Mitchell's copyright, and their conduct is deemed willful.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones used unlicensed copies of Mitchell's UltraMate™ program, which they have not acquired through plaintiffs, thus avoiding payment of the monthly fees to Mitchell. As a result of the infringement by Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, Mitchell has sustained injury, loss and damages for its UltraMate™ copyright and its exclusive rights under its copyright. Likewise, ABC Infotech as the exclusive representative in Puerto Rico for Mitchell, has sustained damages, unnecessary expenses, loss of subscription and commissions and loss of good will.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones have engaged in unlawful use and/or copying or reproduction of Plaintiff's copyrighted computer programs without approval or license in violation of US copyright laws. Defendants have infringed Mitchell's copyright for the UltraMate™ program, Certificate of Registration TX 5-354-409, by illegally reproducing the Mitchell program without paying Mitchell its license subscription fees and by installing this program in their businesses and/or by acquiring the Mitchell program from third parties not licensed to sell the program. Because of defendants' infringement of Mitchell's copyright TX-5-354-409, Mitchell is entitled to injunctive relief, monetary damages and the impoundment and destruction of all the

**CIVIL NO. 04-2299 (PG)**                               10

infringing programs in the possession of defendants, together with costs and attorney's fees pursuant to 17 U.S.C. § § 502-505.

**Request for Permanent Injunctive Relief**

Mitchell has requested the issuance of a permanent injunction against defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones.

The Court finds that Mitchell will sustain irreparable injury and harm if defendants' conduct is not permanently enjoined. It is, thus, entitled to this remedy. The likelihood of repeated conduct by the defendants is high, particularly when they did not answer the Complaint and allowed their defaults to be entered. The threat of a continuing violation is present. Basic Books, Inc. vs. Kinko's Graphics Corp., 758 F. Supp. 1522 (S.D.N.Y. 1991); Central Point Software, Inc. vs. Global Software and Accessories, Inc., 880 F. Supp. 957 (E.D.N.Y 1995)

Mitchell has shown that it is entitled to permanent injunctive relief. Accordingly, defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, their officials, directors, employees, servants, agents and all those in active concert or participation with them, should be permanently enjoined from:

        (1)    Infringing or assisting any other person or entity in infringing Mitchell's copyrights, and,

        (2)    Unfairly competing with Mitchell or assisting any other person or entity in unfairly competing with Mitchell.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones should also be ordered to deliver to Mitchell's representatives for destruction all programs and articles still in their possession

**CIVIL NO. 04-2299 (PG)**                    11

that infringe Mitchell's copyrights for the destruction or other reasonable disposition of such things

by Mitchell pursuant to 17 U.S.C. § § 501-503.

**Request for Damages**

A copyright owner is entitled to recover the actual damages it has suffered as a result of

the infringement, as well as any profits made by the infringer, that are attributable to the

infringement and are not taken into account in computing the actual damages.  17 U.S.C. § 504(b).

Copyright owners are entitled to recover any profits that are attributable to the infringement, as long

as the profits are not duplicative of the copyright's owner actual damages. <u>Johnson vs. Jones</u>, 921

F. Supp. 1573 (E.D.Mich. 1996), <u>aff'd in part and rev'd in part</u> 149 F. 3rd 494 (6th Cir. 1998).

In the alternative, the copyright holder may elect to recover statutory damages in lieu of

other forms of monetary relief.  Statutory damages may be awarded in amounts of not less than

$750.00 or more than $30,000.00, for each work infringed.  17 U.S.C. § 504(c)(1).  Where the

infringement was committed willfully, the Court may increase the award of statutory damages to a

maximum of $150,000.00 per infringement.  17 U.S.C. § 504(c)(2).

A party is entitled to an enhanced award of statutory damages if it proves and the Court

finds that the infringement was committed willfully. 17 U.S.C. § 504(c)(2). Copyright infringement

is willful when it is done with knowledge that it is in violation of the owner's copyright (infringer

knew or had reason to know) or with reckless disregard for the copyright owner's rights.  <u>A & M</u>

<u>Records, Inc. vs. Abdallah</u>, 948 F. Supp. 1449 (CDCal. 1996); <u>Central Point Software vs. Global</u>

<u>Software and Access</u>, <u>supra</u>.; <u>RCA/Ariola Int'l., Inc. vs. Thomas & Greystone Co.</u>, 845 F. 2d 773,

779 (8th Cir. 1988).  For the judgment to be willful the law only requires that defendant knew or had

reason to know that its actions constituted an infringement.  <u>Peer Intern. Corp. vs. Luna Records,</u>

<u>Inc.</u>, 887 F. Supp. 560 (S.D.N.Y. 1995).  A defendant's knowledge may be actual or constructive;

it may be inferred from his conduct.  <u>Fitzgerald Publishing Co. vs. Baylor Publishing Co.</u>, 807 F.

**CIVIL NO. 04-2299 (PG)**                    12

2d 1110 (2nd Cir. 1986).  Even a reckless disregard of the copyright owner's rights (rather than actual

knowledge of infringement) suffices to warrant an award of enhanced damages.  <u>Wildlife Express

Corp. vs. Carol Wright Sales, Inc.</u>, 18 F. 3d 502 (7th Cir. 1994); <u>N.A.S. Import, Corp. vs. Chenson

Enterprises, Inc.</u>, 968 F. 2d 250 (2nd Cir. 1990).   The evidence before this Court shows the

infringements were indeed willful.

Plaintiff Mitchell has incurred in damages totaling $10,379.00, not including attorney's

fees and costs.  These damages include:

a.      Payments to Consultant and Resources International totaling $1,961.88;

b.      Process Server and Interpreter expenses totaling $1,050.00 and;

c.      Employees costs incurred by its Country Manager, ABC Infotech, totaling
        $6,367.50.

All of these expenses represent damages suffered by Mitchell as a direct result of the

copyright infringement by the defendants involved in this complaint and will be prorated as to the

defendants in this case.  These were sustained because of the infringement and accordingly are

recoverable under § 504(b) of the Copyright Act.  These damages add to $10,379.00 or $1,492.71

per defendant.  They included the expenses considered as part of the Settlement Agreements reached

on July 7, 2006 with Martin Navarro, Miguel Gonzalez and Edgardo Hernandez.  These expenses

would also be recoverable as necessary expenses for the prosecution of this case.  <u>Paramount

Pictures Corp. v. D. Maine Sullivan</u>, 546 F. Supp. 397 (1982).

The Court also finds that Mitchell has suffered as actual damages the profits earned by

each one of the defendants in default as a result of their illegal use of the UltraMate™ program.

The amounts owed on the "End User License Agreements" before the violations by each

defendant are not deemed part of the damages caused by the defendants' infringements.

**CIVIL NO. 04-2299 (PG)**                    13

Plaintiff Mitchell has by motion elected to recover an award of statutory damages against defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, instead of actual damages and profits, as allowed by **17 U.S.C. § 504(c)**.

Based on the findings of facts concerning Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones it is recommended that the Court find that Mitchell is entitled to an enhanced award of statutory damages. The evidence presented in trial, as discussed above, is sufficient to establish that defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones have incurred in a willful and intentional violation of the copyright law and in a reckless disregard for Mitchell's rights under this law.

Courts have a broad discretion in setting an amount of statutory damages under the Copyright Act. Shell Oil Company vs. Commercial Petroleum, Inc., 928 F. 2nd 1104 (4th Cir. 1991); Microsoft Corp. vs. Golf Computer, 910 F. Supp. 1077, 1091 (D.Md. 1995). However, there can only be one award of statutory damages per copyright registration against each defendant, regardless of the number of infringements or the number of products containing infringing images. Xoom, Inc. vs. Imageline, Inc., 93 F. Supp. 2nd 688 (E.D. Va. 1999); A & M Records, Inc., 948 F. Supp. at **1457.**

Statutory damages should bear some relationship to the actual damages suffered by the copyright owner. However, Congress' provision for enhancement of statutory damages when willful infringements are found to exist indicates that statutory damages serve the dual purpose of the Copyright Act's compensation and "deterrence". R.S.O. Records, Inc. vs. Perr, 596 F. Supp. 849, 862 (S.D. NY 1984). Among the factors courts have considered when awarding statutory damages are (1) licensing expenses saved by defendant; (2) profits gained by defendant from the infringement; (3) revenues lost and expenses incurred by plaintiff as a result of the infringement; (4)

**CIVIL NO. 04-2299 (PG)**                         14

infringers' state of mind, i.e., willful, knowing or innocent; and, (5) deterrence of future infringement. <u>Cass Country Music Company vs. C.H.L.R., Inc.</u>, 896 F. Supp. 904 (E.D. Ark. 1995), <u>aff'd in part, vacated in part</u>, 88 F. 3rd 635; <u>Basic Books Inc.</u>, <u>supra</u>; <u>Peer Intern. Corp.</u>, <u>supra</u> at 568. In awarding statutory damages in copyright infringement cases the Court should also consider awarding an amount that will put the defendant on notice that it costs more to violate the copyright law than to obey it. <u>Dream Dealers Music vs. Parker</u>, 924 F. Supp. 1146, 1153 (S.D. Ala. 1996).

Plaintiffs have shown that:

1.      Defendant Doris Garcia d/b/a Garage Garcia d/b/a Garage Lopez  illegally earned approximately $9,900.00 in doing estimates and has caused Mitchell at least $1,492.71 in damages. It is, thus, recommended that the Court award Mitchell **$3,500.00** in statutory damages against Doris Garcia d/b/a Garage Garcia d/b/a Garage Lopez.

2.      Defendant Pablo Lugo d/b/a Parcelas Auto Body at least earned $13,530.00 in making illegal estimates and he caused Mitchell at least $1,491.71 in damages. It is, thus, recommended that the Court award Mitchell **$4,000.00** in statutory damages against defendant Pablo Lugo d/b/a Parcelas Auto Body.

3.      Defendant José Quiñones Valentín d/b/a Taller Quiñones at least earned $3,290.00 making estimates through the illegal use of the UltraMate™ program. He also caused Mitchell at least $1,472.21 in damages.  It is, thus, recommended that the Court award Mitchell **$2,000.00** in  statutory damages against defendant José Quiñones Valentín.

<u>Request for Costs and Attorneys' Fees</u>

Plaintiffs have requested an award of costs and attorneys' fees against each defendant, pursuant to **17 U.S.C. § 505**. Costs and reasonable attorneys' fees may be awarded, in the Court's

**CIVIL NO. 04-2299 (PG)**                         15

discretion, to the prevailing party in an infringement action. **17 U.S.C. § 505**. The Copyrights Act does not condition an award for costs and attorneys' fees on the showing of willful infringement, but may take such a factor into consideration. It may also consider the need to advance considerations of compensation and deterrence. Dream Dealers Music, supra.

Mitchell has incurred in attorneys' fees and costs, including payments to Attorney Dennis A. Simonpietri totaling $13,262.50, up to May 31, 2006, not including trial.

The costs and attorneys' fees incurred by Mitchell in litigating this Complaint as listed above amount to $13,262.50 or $1,894.64 for each of the seven (7) defendants in this case. This Court has examined all invoices submitted by counsel and finds the reported work reasonable and necessary under the facts of this case. The skills of counsel merit the fees requested. Mitchell is entitled to costs and attorneys' fees against defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones. The liability of all these defendants is unquestionable, both factually and legally. These defendants did not make efforts to avoid infringement.

In awarding reasonable attorney's fees this Court will consider the amount of work, the skills employed, the damages at issue and the results achieved. N.A.S. Import Corp, supra at 254. Mitchell has presented such evidence during the trial on default.

This case involved not only a copyright claim, but also trademark infringement claim. The Lanham Trademark Act also provides for award of attorneys' fees and in this case provides and independent reason for awarding attorneys' fees to Mitchell. A & M Records Inc., 948 F. Supp. at 1460.

Accordingly, its is recommended that defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones be each be ordered to pay **$1,894.64** in attorney's fees pursuant to 17 U.S.C. § 505.

**CIVIL NO. 04-2299 (PG)**                            16

**Trademark Law Violations**

Mitchell has a duly registered trademark for its computer software for estimating automotive damages known as UltraMate™, registration number 1980882.  Mitchell has spent substantial sums in advertising, promoting and marketing its programs throughout the United States and Puerto Rico and in the development of its market and customer base.  It has also spent substantial capital resources in the engineering of its programs and their continued update. As a result of Mitchell's advertising, promotion and marketing activities, engineering, and continued improvement and updating of its programs and other related activities and efforts, plaintiff Mitchell enjoys a highly valuable goodwill throughout the United States and its territories.  Through the efforts of plaintiff ABC Infotech, it has developed a strong market for its programs in Puerto Rico.  Those efforts by ABC Infotech have been at a large cost to Mitchell and ABC Infotech.

The activities of defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, as described in the findings of facts, supra, were likely to cause confusion or mistake, or were done to deceive potential customers into believing that the defendants have been authorized to estimate the damages to their vehicles using Mitchell's UltraMate™ program and to believe that their estimates are accurate.

Defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones undertook an intentional course of conduct to benefit from and trade upon plaintiff Mitchell's goodwill and to deceive potential customers into believing that there is an affiliation, connection or association between the UltraMate™ program used by the defendants to estimate losses for their clients and plaintiff Mitchell's programs and/or that plaintiff Mitchell had approved of the use of their loss estimation program by them.

**CIVIL NO. 04-2299 (PG)**                    17

This Magistrate-Judge finds that the cumulative total of the activities done by defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, as described above as to each particular defendant in default, constitute unfair competition and a violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

§ 1125 of the Trademark Act provides, in its pertinent part, as follows:

*§ 1125.    False designations of origin, false descriptions, and dilution forbidden*

*(a)    Civil action*
*(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —*
*(A) Is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or*
*(B) shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*

The recovery to which Mitchell is entitled as a result of defendants' violation of its trademark rights is governed by Section 1117 of the Trademark Act which in the pertinent part provides as follows:

*§    1117.   Recovery for violation of rights; profits, damages and costs; attorney fees; treble damages; election*

*When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a)(c) or (d) of this title or a willful violation under Section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the*

**CIVIL NO. 04-2299 (PG)**                    18

> *circumstances of the case, for any sum above the amount found as a actual*
> *damages, not exceeding three times such amount.  If the court shall find that*
> *the amount of the recovery based on profits is either inadequate or excessive*
> *the court may in its discretion enter judgment for such sum as the court shall*
> *find to be just, according to the circumstances of the case.  Such sum in either*
> *of the above circumstances shall constitute compensation and not a penalty.*
> *The court in exceptional cases may award reasonable attorney fees to the*
> *prevailing party.*

    The touchstone of an action for trademark infringement and unfair competition is whether the use of the trademark is likely to cause confusion.  <u>Precious Moments, Inc. v. La Infantil, Inc.</u>, 971 F. Supp. 66 (DCPR 1997); <u>UMG Enters., Inc. vs. F. Quesada and Franco, Inc.</u>, 788 F. Supp. 648 (DCPR 1992).     An award for damages for violation of copyrights is separate from award for damages for unfair competition.  <u>Transgo, Inc. vs. Ajac Transmissions Parts</u>, *Corp.*, 768 F. 2nd 1001 (9th Cir 1985).   Where a defendant violates the Copyright Act, as well as the Lanham Act, the plaintiff is entitled to recover statutory damages under the Copyright Act and actual damages under the Lanham Act.  <u>Nintendo of America, Inc. vs. Aeropower Co. Limited</u>, 34 F. 3rd 246 (4th Cir. 1994); <u>Microsoft Corp. vs. Grey Computers</u>, <u>supra</u>; <u>A & M Records</u>, <u>supra</u> at 1458; <u>Nintendo of America vs. Dragon Pacific Int'l</u>, 40 F. 3rd 1007, 1011 (9th Cir. 1994).  An award of both statutory damages under the Copyright Act and actual damages under the Lanham Act is not impermissible double recovery against an infringer.  <u>Nintendo of America vs. Dragon Pacific Int'l</u>, <u>supra</u>, (holding that although selling video games cartridges which included copyrighted games and were marketed under company's trademark was one act, infringers committed two wrongs).  While the purpose of statutory damages under the Copyright Act, particularly when the infringement is willful, is to penalize the infringer and to deter similar conduct in the future; actual damages under the Lanham Act are designed to compensate the trademark owner for its lost profits and damages, and to prevent the defendant from unjust enrichment.  <u>A & M Records,Inc.</u>, supra at 1458.

The Lanham Act states that the trademark owner shall recover defendants' profits and any damages

**CIVIL NO. 04-2299 (PG)**                               19

sustained by plaintiff.  A trademark infringement plaintiff need not demonstrate actual damages to obtain an award reflecting infringer's profits.  Burger King Corp. v. Mason, 855 F 2d 779 (11 Cir. 1988).   In recovering profits for trademark infringement, plaintiff can recover as an element of damages advertisement and other expenses made necessary or advisable for purposes of counteracting the effects of defendants' infringement.  Century Distilling Co. v. Continental Distilling Corp., 86 F Supp. 503 (D.C. Pa. 1949).

Plaintiff Mitchell has incurred in damages totaling $10,379.00, not including attorney's fees and costs.  These damages include:

      a.     Payments to Consultant and Resources International totaling $1,961.88;

      b.     Process Server and Interpreter costs totaling $1,050.00

      c.     Employees costs incurred by its Country Manager, ABC Infotech, totaling $6,367.50.

      These damages involved seven (7) defendants or $1,492.71 per defendant.  Mitchell has also shown that defendants profited in making illegal use of plaintiff's trademark in the estimates they provided their customers.  These illegal profits are estimated to be $9,900.00 as to Doris Garcia, $13,530.00 as to Pablo Lugo and $3,290.00 as to José Quiñones Valentín.

      This undersigned, thus, finds that the actual damages suffered by Mitchell as a result of the Trademark infringement by defendant Doris Garcia amount to $11,392.71; by defendant Pablo Lugo amount to $15,022.71 and, by defendant José Quiñones Valentín amount to $4,782.71.

      The Lanham Act, under Section 1117(a), also provides that the trial court "*may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three (3) times such amount.*" This means that under Section 1117(a) of the Lanham Act, depending on the circumstances of the case, the Court can award damages above the amount found as actual damages, up to four (4) times actual damages.  U.S. Structures, Inc. vs. J.P.

**CIVIL NO. 04-2299 (PG)**                    20

Structures, Inc., 130 F. 3rd 1185 (6th Cir. 1997).  These increased damages help to deter future infringement.  The use of Mitchell's trademark and program, in this case was not an innocent one, but one done to obtain the full acceptance and reliance of customers on the quality of the estimate.  The Court finds that all the defendants have incurred in wanton and willful conduct and in total disregards for Mitchell's rights in illegally using its trademark to associate their businesses with this product.  In view of the facts involved in this case, the court recommends damages be trebled for trademark infringement as follows: (a) **Doris Garcia** d/b/a Garage Garcia d/b/a Garage Lopez $1,492.71+ $9,900.00 = $11,392.71 x 3 = **$34,178.13**; (b) **Pablo Lugo** d/b/a Parcelas Auto Body Danny Auto Repair $1,492.71 + $13,530.00 = $15,022.71 x 3 = **$45,068.13**; and, (c) **José Quiñones Valentín** d/b/a Taller Quiñones $1,492.71 + $3,290.00 = $4,782.71 x 3 = **$14,348.13**.

This Court has discretion to award attorney's fees and costs under § 1117 (a) of the Lanham Trademark Act.  Gucci America, Inc. v. Rebecca Gold Enterprises, Inc., 798 F Supp 177 (S.D.N.Y. 1992); Levi Strauss and Co. v. Diaz, 778 F Supp. 1206 (S.D. Fla. 1991).  However, since plaintiffs have prevailed in their Copyright Act and it has been recommended that they be awarded attorney's fees and costs under the Copyright Act, an award for attorney's fees and costs under the Lanham Act will be duplicative.  Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458 (E.D. Pa. 1987).

**State Law Claims**

Plaintiffs have also alleged that defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones wrongful actions and illegal actions constitute unfair competition under the Laws of Puerto Rico; have caused and will continue to cause substantial and irreparable damages to Michell's copyright and other proprietary rights and to their business, goodwill and reputation; and, that they are entitled to relief under the doctrine of unfair competition recognized by the Supreme Court of Puerto Rico.

**CIVIL NO. 04-2299 (PG)**                    21

They have also alleged under state laws that these defendants' wrongful actions represent and constitute unjust enrichment under the law of Puerto Rico as they have appropriated of Mitchell's copyrights and other proprietary rights and have unfairly and unjustly benefited defendants businesses to the detriment of Mitchell's and Infotech's businesses, goodwill and reputation in connection with the sales of copies of Mitchell's copyrighted computer programs and the subscription to its services; and that defendants' have acted negligently and with their conduct have caused damages to Mitchell's and ABC Infotech's business goodwill and reputation.  In view of the award under the Copyright Act and the Trademark Act, the undersigned makes no additional findings concerning plaintiffs' State Law claims and recommends they be dismissed without prejudice.  Plaintiffs have also made claims as to amounts owed by defendants on their contracts, which the undersigned also recommends be dismissed without prejudice.

## CONCLUSION

Following a damages hearing against defendants Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, the Court hereby determines that Mitchell International, Inc. is entitled to relief under both the Copyright Act the Lanham Act.

It is thus recommended that Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones, their officials, directors, employees, servants, agents and all those in active concert and/or participation with them, be permanently enjoined from:

a.    Infringing or assisting any other person or entity in infringing Mitchell's copyrights.

b.    Unfairly competing with Mitchell or assisting any other person or entity in unfairly competing with Mitchell.

**CIVIL NO. 04-2299 (PG)**                    22

Defendants should further be ordered to deliver to plaintiff's representatives for destruction all programs and articles in their possession which infringe plaintiff's copyrights and trademarks.

It is recommended that defendants Doris García d/b/a Garage García d/b/a Garage López be found to have willfully violated by the Copyright Act and, accordingly, be ordered to pay Mitchell statutory damages in the amount of **$3,500.00**.

It is recommended that Pablo Lugo d/b/a Parcelas Auto Body be found to have willfully violated the Copyright Act and accordingly be ordered to pay Mitchell statutory damages in the amount of **$4,000.00**.

It is recommended that José Valentín Quiñones d/b/a Taller Quiñones be found to have willfully violated the Copyright Act and, accordingly, be ordered to pay Mitchell statutory damages in the amount of **$2,000.00**.

It is recommended that Doris García d/b/a Garage García d/b/a Garage López, Pablo Lugo d/b/a Parcelas Auto Body and José Quiñones Valentín d/b/a Taller Quiñones be ordered to each pay **$1,894.64** to Mitchell as attorney's fees and costs under the Copyright Act.

It is recommended that Doris García d/b/a Garage García d/b/a Garage López be found to have willfully violated the Lanham Trademark Act, as described in this Recommendation, and, accordingly, be ordered to pay Mitchell actual damages, which should be trebled as allowed by § 1117(a) of 15 U.S.C., in the amount of **$34,178.13**.

It is recommended that Pablo Lugo d/b/a Parcelas Auto Body be found to have willfully violated the Lanham Trademark Act and, accordingly, be ordered to pay Mitchell actual damages, which should be trebled as allowed by § 1117(a) of 15 U.S.C., in the amount of **$45,068.13**.

Further, it is recommended that José Quiñones Valentín d/b/a Taller Quiñones  is found to have willfully violated the Lanham Trademark Act and, accordingly, be ordered to pay Mitchell

**CIVIL NO. 04-2299 (PG)**                    23

actual damages, which should be trebled as allowed by § 1117(a) of 15 U.S.C., in the amount of **$14,348.13**.

It is further recommended that all state law claims made by plaintiffs in the Complaint be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 12th day of July, 2006.


S/Gustavo A. Gelpi
GUSTAVO A. GELPI
United States Magistrate Judge